Case 17-18810    Doc 3-1    Filed 12/01/17    Entered 12/01/17 08:09:23    Desc Exhibit A
 - Proposed Order    Page 1 of 7

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CGI JOLIET, LLC, | ) Case No. 17-18810 (PSH) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

**ORDER CONVERTING CASE UNDER CHAPTER 11 TO CASE UNDER CHAPTER 7 EFFECTIVE DECEMBER 4, 2017, AT 3:00 P.M. (CENTRAL TIME)**

Upon the motion (the "**Motion**") of Central Grocers, Inc. and its debtor affiliates, including Strack and Van Til Super Market, Inc., as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") for an order converting the above-captioned bankruptcy cases to cases under chapter 7 of the Bankruptcy Code, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.§ 157(a)-(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Order Authorizing Motion of Debtors for Approval of Case Management Procedures, dated June 26, 2017 (ECF No. 226), and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

{7100787: }

ORDERED that the Motion shall be, and hereby is GRANTED, as set forth herein; and it is further

ORDERED that capitalized but undefined terms shall have the meanings ascribed to them in the Motion; and it is further

ORDERED that, pursuant to 11 U.S.C. § 1112(b), each of the above-captioned cases is converted to a case under chapter 7 of the Bankruptcy Code, effective as of December 4, 2017, at 3:00 p.m. (Central time) (the "**Conversion Date**"); and it is further

ORDERED that CGI Joliet, LLC ("**CGI Joliet**") shall comply with its obligations under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedures in relation to the conversion of CGI Joliet's Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; and it is further

ORDERED that Donald Harer, Chief Restructuring Officer (the "**Designated Person**"), is hereby designated to perform the acts of CGI Joliet pursuant to Fed. R. Bankr. P. 9001(5); and it is further

ORDERED that CGI Joliet shall:

    a.    On or before December 22, 2017, account for and turn over to the Chapter 7 Trustee all and property of the estate under its custody and control as required by Fed. R. Bankr. P. 1019(4);

    b.    On or before December 22, 2017, file a schedule of all unpaid debts incurred after the commencement of the Chapter 11 Case (including the names and addresses of all creditors) as required by Fed. R. Bankr. P. 1019(5);

    c.    On or before December 15, 2017, file a final report and account as required by Fed. R. Bankr. P. 1019(5); and

d. Within 30 days after the entry of this order, file the statements and schedules required by Fed. R. Bankr. P. 1019(1), if such documents have not already been filed; and it is further

ORDERED that to the extent they have not already done so, within forty-five (45) days of the Conversion Date, all Retained Professionals (as defined in the DIP Financing Order) shall file a final fee application for approval of all fees and expenses incurred through the Conversion Date (the "**Final Fee Applications**"); and it is further

ORDERED that the Designated Person or his successor is authorized and directed to make payment (i) to the extent not already paid, immediately of all Allowed Professional Fees due pursuant to Monthly Fee Statements and Interim Fee Applications as permitted in accordance with the DIP Financing Order, the *Order Authorizing and Approving Settlement Agreement by and Amount the Secured Parties and the Official Committee of Unsecured Creditors of Central Grocers, Inc., et al., on Behalf of Itself, Each of the Debtors, and Each of the Debtors' Estates* (ECF No. 988) (the "**Settlement Order**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 220); and (ii) immediately upon approval of Final Fee Applications, of any additional unpaid Allowed Professional Fees (less any retainer being held by any such Retained Professional with any unused retainer being immediately refunded to the DIP Agent), in each case from and only to the extent of the fees in the Carve-Out Reserve Account held for the applicable Retained Professional (or, in the case of the Committee's Retained Professionals, as held collectively for all of the Committee's Retained Professionals other than the Committee's special litigation counsel, Reid Collins & Tsai LLP ("**RCT**")); and it is further

ORDERED that to the extent the court-approved fees and expenses of RCT have not been paid pursuant to the Settlement Order prior to the Conversion Date, the Chapter 7 Trustee will pay such fees and expenses in full from the cash paid to the estates pursuant to the agreement approved by the Settlement Order only after the occurrence of the Settlement Effective Date, and further that RCT's fees and expenses are not payable from the Carve-Out Reserve Account; and it is further

ORDERED that any funds on deposit in the Carve-Out Reserve Account are not property of CGI Joliet's estate and shall not be transferred to the Chapter 7 Trustee after the Conversion Date and the Chapter 7 Trustee shall have no control over such funds which control shall be retained by the Designated Person; and it is further

ORDERED that two (2) business days after payment of the Allowed Professional Fees for each Retained Professional as approved by their respective Final Fee Application, the Designated Person or his successor shall transfer to the DIP Agent any unused funds on deposit in the Carve-Out Reserve Account that were allocated/budgeted for payment of fees and expenses of such Retained Professional; and it is further

ORDERED that if, after payment of the Committee's Retained Professionals' Allowed Professional Fees, unused funds remain in the Carve-Out Reserve Account that were allocated/budgeted for payment of the Committee's Retained Professionals' fees for the period prior to November 5, 2017, then such unused funds shall remain property of CGI Joliet's estate and not transferred to the DIP Agent; *provided, however*, the Designated Person or his successor shall refund to DIP Agent (i) unused funds remaining in the Carve-Out Reserve Account that were allocated/budgeted for payment of the Committee's Retained Professionals' expenses and the expenses of members of the Creditors' Committee for the period prior to November 5, 2017;

and (ii) any unused funds remaining in the Back End Carve-Out (as defined in the DIP Financing Order) allocated to the fees and expenses of Committee's Retained Professionals two (2) days after payment of Committee's Retained Professionals' Allowed Professional Fees incurred from and after November 5, 2017 through and including the Conversion Date; and it is further

ORDERED that upon conversion the DIP Agent shall hold (i) the Cash Payment (as defined in the Settlement Agreement approved by the Settlement Order), less deductions for payment of RCT's approved fees and expenses, if made, and payment of the Debtors' December 2017 insurance payment (both as provided in the Settlement Order), and (ii) proceeds of the sale of real property located in Hammond, Indiana, if any, until the DIP Agent receives a letter of instruction from the chapter 7 trustee as to where to send the funds as allocated in the Order of Court dated November 16, 2017 approving allocation of the proceeds of the Global Settlement, ECF No. 989 (the "**Allocation Order**"); provided, in the event the Office of the U.S. Trustee appoints a separate interim trustee for each of the Debtors' estates, or a separate interim trustee for an identified group of the Debtors, then, in such event, such trustees so appointed shall instruct the DIP Agent on a separate basis as to the accounts at the appropriate estates that the DIP Agent shall transfer the funds as delineated in the Allocation Order; and it is further

ORDERED that CGI Joliet is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that unless otherwise set forth herein, the terms and conditions set forth in this Order shall be effective immediately and enforceable upon its entry; and it is further

ORDERED that this matter is set for a status hearing on **January 18, 2018, at 11:00 a.m. (Central time)**, in Courtroom No. 644 of the Everett McKinley Dirksen Federal Court House,

219 South Dearborn Street, Chicago, Illinois.  At that hearing, the Court will determine whether the Designated Person has complied with this Order and, if not, consider such requests for further relief as may be required to secure compliance with this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2017
Chicago, Illinois

_____
The Honorable Pamela S. Hollis
United States Bankruptcy Judge

**Prepared by:**

David A. Agay (ARDC No. 6244314)
Joshua A. Gadharf (ARDC No. 6296543).
McDONALD HOPKINS LLC
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
Telephone:  (312) 280-0111
Facsimile:  (312) 280-8232
E-mail:dagay@mcdonaldhopkins.com
        jgadharf@mcdonaldhopkins.com

-and-

Ray C. Schrock, P.C.
Stephen Karotkin (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*