# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| *In re:* | Chapter 7 |
| CGI JOLIET, LLC, *et al.*,[1] | Case No. 17-18810 |
| *Debtors.* | Hon. Pamela S. Hollis |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **April 19, 2018, at 11:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Pamela S. Hollis**, Bankruptcy Judge, in Courtroom No. 644, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **Trustee's Motion for an Order Authorizing the Sale of Real Estate of Raceway Central Chicago Heights LLC Free and Clear of Liens, Claims and Encumbrances,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading, at which hearing you may appear if you see fit.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Dated: March 29, 2018

Respectfully submitted,

Gregg E. Szilagyi, in his capacity as chapter 7 trustee for the bankruptcy estate of Raceway Central Chicago Heights LLC,

By: */s/ Ira Bodenstein*
One of his attorneys

Robert W. Glantz (#6201207)
Ira Bodenstein (#3126857)
David R. Doyle (#6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street
Suite 800
Chicago, Il  60654
Phone: (312) 541-0151

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), and Raceway Central Wheaton LLC (2161).

{12396-005 MOT A0502043.DOCX 2}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re:* | Chapter 7 |
| CGI JOLIET, LLC, *et al.*,[2] | Case No. 17-18810 |
| *Debtors.* | Hon. Pamela S. Hollis |

### TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE SALE OF REAL ESTATE OF RACEWAY CENTRAL CHICAGO HEIGHTS LLC FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

Gregg E. Szilagyi, not individually, but in his capacity as chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of Raceway Central Chicago Heights LLC ("*Raceway Chicago Heights*"), hereby moves (the "*Motion*"), pursuant to sections 363(b) and (f) of title 11 of the United States Code (the "*Bankruptcy Code*"), and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), for entry of an order (i) authorizing the sale of Raceway Chicago Heights's real property, commonly known as 571 W. 14th Street, Chicago Heights, Illinois 60411 and all related improvements (collectively, the "*Property*"), to the Buyer[3] pursuant to the terms of the Sale Agreement and Amendment, free and clear of liens, claims, interests and encumbrances, for the purchase price of $3,822,855.00; and (ii) granting such other just and appropriate relief. In support of the Motion, the Trustee respectfully states as follows:

---

[2] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), and Raceway Central Wheaton LLC (2161).

[3] Undefined terms in this introduction carry the meanings set forth below.

{12396-005 MOT A0502043.DOCX 2}

**Background**

A. **Jurisdiction**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b)(2)(D) and 1334. Venue of this proceeding and this Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

B. **The Bankruptcy Cases**

2. On May 2, 2017, certain creditors of Central Grocers, Inc. ("*CGI*") commenced an involuntary bankruptcy case against CGI under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

3. On May 4, 2017, each of the following entities filed voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Delaware Court*"): CGI, CGI Joliet, Currency Express, Inc. ("*Currency Express*"), Raceway Central, LLC ("*Raceway Central*"), Raceway Calumet, Raceway Chicago Heights, Raceway Central Downers Grove LLC ("*Raceway Downers*"), Raceway Central Joliet North LLC ("*Raceway Joliet*"), Raceway Central LLC North Valpo ("*Raceway Valpo*"), Raceway Wheaton, Strack and Van Till Super Market ("*Strack*"), and SVT, LLC ("*SVT*") (collectively, the "*Debtors*").

4. On June 13, 2017, this Court directed that each of the Debtors' bankruptcy cases pending in the Delaware Court be transferred to this Court.

C. **Conversion to Chapter 7**

5. On November 30, 2017, the Court entered an order [Dkt. No. 1085] converting the Debtors' bankruptcy cases from chapter 11 to chapter 7 of the Bankruptcy Code, effective as of December 4, 2017 at 3:00 p.m. (CT) (the "*Conversion Order*").

6. On December 4, 2017, the United States Trustee for Region 11 appointed Peter N. Metrou as the interim chapter 7 trustee (the "***Interim Trustee***") for the bankruptcy estates of all of the Debtors.

7. At the subsequent § 341 meeting of creditors on January 11, 2018, the creditors elected new chapter 7 trustees for all of the Debtors' bankruptcy estates, as follows:

   a. Gregg Szilagyi was elected trustee of the bankruptcy estates of CGI Joliet, Currency Express, Raceway Central, Raceway Calumet, Raceway Chicago Heights, Raceway Downers, Raceway Joliet, Raceway Valpo, and Raceway Wheaton (collectively, the "***Raceway Debtors***").

   b. Howard Samuels was elected trustee of the bankruptcy estates of CGI, Strack and SVT.

8. The bankruptcy cases of the Raceway Debtors are being jointly administered under the lead bankruptcy case of CGI Joliet. *See* [Dkt. No.1343].

**D. The Property**

9. Raceway Chicago Heights owns the Property, which comprises an 83,238 square foot retail building on an approximately seven and one half acre lot that formerly housed an Ultra Foods grocery store. The Property is currently vacant and accrues monthly costs and expenses related to upkeep and security (including, but not limited to, real estate taxes, property management and insurance).

10. The Property is encumbered by mortgages in favor of the Bank of the West, as administrative agent, and PNC Bank, as administrative agent (the "***Lenders***"). Pursuant to that certain *Settlement Agreement and Release*, dated October 23, 2017 (the "***Settlement***"), which the Court approved by entering the *Order Authorizing and Approving Settlement Agreement by and among the Secured Parties and the Official Committee of Unsecured Creditors of Central Grocers, Inc., et al., on behalf of Itself, Each of the Debtors, and Each of the Debtors' Estates*

[Case No. 17-13886, Dkt. No. 988] (the "*Settlement Order*"), the Trustee is required to pay forty-five percent (45%) of the Net Proceeds from the sale of the Property to the Agent (as such terms are defined in the Settlement Order) for the benefit of the Lenders, with the remaining (55%) of the Net Proceeds to be paid to the Raceway Chicago Heights Estate for the benefit of the Debtors' estates pursuant to the terms of the Settlement Order.

### E. Broker and Marketing Efforts

11. The Debtors filed the *Application of Debtors for Authorization to Enter into Representation Agreement and to Employ and Retain Broker* Nunc Pro Tunc *to July 18, 2017* [Dkt. No. 373] (the "**Broker Retention Application**"). The Court granted the Broker Retention Application and approved the Debtors' retention of Marcus & Millichap Real Estate Investment Services of Chicago and Marcus & Millichap Real Estate Investment Services as real estate broker for the Property (collectively, the "**Broker**"). *See* [Dkt. No. 519] (the "**Broker Retention Order**"). Pursuant to the Broker Retention Application and Broker Retention Order, the Broker is entitled to compensation in the amount of 5% of the purchase price from the sale of the Property. After entry of the Conversion Order, the Interim Trustee and the Trustee assumed the terms of the Broker Retention Order. *See* [Dkt. Nos. 1112, 1344].

12. The Broker has marketed the Property on behalf of the Raceway Chicago Heights Estate since July 2017. The Broker sent 12 targeted emails advertising the Property to over 10,000 potential buyers. Utilizing its online brokerage platform, the Broker has received over 22,000 views of the Property on its website. As a result of its marketing efforts, the Broker has shown the Property to 7 potential purchasers and other brokers and received approximately 5 letters of intent to purchase the Property.

### F. The Purchase and Sale Agreement

13. After consultation with the Broker, the Interim Trustee entered into a *Purchase and Sale Agreement* dated February 7, 2018, with Amerco Real Estate Company, a Nevada corporation ("**Buyer**"), a copy of which is attached to this Motion as **Exhibit 1** (the "*Sale Agreement*").

14. The material terms of the Sale Agreement include the following:

    a. The sale of the Property is subject to the entry of an order approving the sale by this Court;

    b. A purchase price of $3,822,855.00;

    c. A non-refundable (other than in the event of seller's breach) earnest money deposit in the amount of $120,000.00;

    d. The sale of the Property "as is, where is" and without representations or warranties;

    e. The sale of the Property free and clear of all liens, claims and encumbrances (other than the Permitted Encumbrances (as defined in the Sale Agreement)) with all liens, claims and encumbrances attaching to the proceeds of the sale;

    f. An Inspection Period (as defined in the Sale Agreement) expiring on June 13, 2018; and

    g. An approximate closing date of June 30, 2018.

15. After review of the Sale Agreement and consultation with the Broker and counsel, the Trustee determined that the sale transaction contemplated by the Sale Agreement was in the best interest of the Raceway Chicago Heights Estate.

### Relief Requested

16. The Trustee requests that the Court enter the order in the form of that attached hereto (the "*Sale Order*") authorizing the Trustee to sell the Property to the Buyer free and clear of all liens, claims and interests on the terms and conditions set forth in the Sale Agreement, as

amended by the Amendment. The Sale Agreement has been provided to the Lenders and the Trustee has received no objections.

17. In addition, the Trustee requests that the Court authorize him to pay usual and customary closing costs, including those set forth in the Sale Agreement, paid by a seller in transactions of this type, including the commission of 5% of the purchase price to the Broker (the Debtors did not receive a "Firm Bid" on the Property, so no commission is owed to investment banker Peter J. Solomon Company under the *Order (A) Authorizing the Debtors to Retain and Employ Peter J. Solomon Company, LLC as Investment Banker* Nunc Pro Tunc *to the Commencement Date, and (B) Waiving Certain Requirements under Local Rule 5082-1* [Dkt. No. 206]).

**Basis for Relief**

18. Section 363 of the Bankruptcy Code provides that the Trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." *See* 11 U.S.C. § 363(b). To approve the use, sale or lease of property outside the ordinary course of business, this Court need only determine that the Trustee's decision is supported by "some articulated business justification." *See, e.g., Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *see also In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999). The Seventh Circuit has stated that a trustee's justification for a transaction warrants judicial approval if it makes good business sense and the estate's creditors benefit. *Retired Pilots Ben. Prot. Ass'n v. United Airlines, Inc.(In re UAL Corp.),* 443 F.3d 565, 571–72 (7th Cir. 2006) (citing *Schipper*, 933 F.2d at 515); *Colfin Bulls Funding A, LLC v. Paloian (In re Dvorkin Holdings, LLC),* 2016 WL 1029387 at *4 (N.D. Ill., March 14, 2016) ("[A] trustee's justification warrants judicial approval if it 'makes good business sense.'").

19. Bankruptcy Rule 6004(f)(1) permits sales of estate property outside of the ordinary course of business by private sale or by auction.

20. The Trustee has a sound business justification for selling the Property to the Buyer. The Property is vacant and continues to accrue significant monthly expenses for its security and maintenance. Moreover, the Property has been extensively marketed to prospective purchasers by the Broker. The Sale Agreement represents the highest and best offer to date for the Property. For these reasons, the Trustee has determined, in the exercise of his business judgment, that the most viable option for maximizing the value of the Property is through its sale pursuant to the terms of the Sale Agreement. The Trustee has determined that proceeding with a private sale to the Buyer pursuant to the Sale Agreement will maximize the value of the Property for the benefit of the Raceway Debtors' estates.

21. Under § 363(f) of the Bankruptcy Code, a trustee may sell property free and clear of any lien, claim, or interest in such property if, among other things:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

27. Because section 363(f) is drafted in the disjunctive, the Trustee's satisfaction of any one of its five requirements will be sufficient to permit the sale of the Property free and clear of liens, claims and other interests (collectively, the "*Interests*"). The Trustee believes that the only

{12396-005 MOT A0502043.DOCX 2}  7

entity holding an interest in the Property (other than liens arising from real estate taxes) are the Lenders, who have consented to accept 45% of the Net Proceeds in satisfaction of their interest under the terms of the Settlement Order.

28. Moreover, all holders of Interests can be compelled to accept a money satisfaction of such Interests in legal or equitable proceedings in accordance with § 363(f)(5). In this case, the Trustee proposes that any Interests in the Property that are not assumed liabilities under the Sale Agreement shall attach to the net proceeds of the Sale.

### Good Faith Purchaser

29. The Buyer is not an insider of any of the Debtors or the Trustee. The Buyer is a good faith purchaser and is unrelated to the Debtors and the Trustee. The proposed sale is not the result of any fraud, collusion or other bad acts by the Buyer that were intended to take unfair advantage of other potential purchasers. The Sale Agreement is the result of good faith, arms-length negotiations. Therefore, the Trustee requests that the Court find that the Buyer will be purchasing the Property in good faith, within the meaning of Section 363(m) of the Bankruptcy Code, and entitled to the protections thereunder.

### Notice

30. Pursuant to the *Order Approving Amended Case Management Procedures* [Dkt. No. 1333] (the "*Procedures Order*"), the Trustee has served a copy of the Motion and related notice on the Standard Parties and the 2002 List, as such terms are defined in the Procedures Order, as well as all parties that may have liens, claims or interests respecting the Property. The Trustee respectfully requests that the Court find the notice provided to be sufficient under the circumstances and waive any other service or notice requirements.

**Conclusion**

For all of these reasons, Gregg E. Szilagyi, in his capacity as chapter 7 Trustee of the bankruptcy estate of Raceway Central Chicago Heights LLC, respectfully requests that the Court enter the Sale Order, substantially in the form appended hereto, that: (i) approves the Sale Agreement and Amendment, (ii) authorizes the sale of the Property to Buyer free and clear of all liens, claims, interests and encumbrances, (iii) authorizes the Trustee to execute all documents required to effectuate the Sale under the terms of the Sale Agreement, (iv) authorizes the Trustee to pay from the proceeds of the Sale all ordinary costs and expenses, including the Broker's commission, (v) authorizes the Trustee to pay 45% of the Net Proceeds to the Agent for the benefit of the Lenders, (vi) finds that notice of the Motion was appropriate under the circumstances, and (vii) grants such other just and appropriate relief.

Dated: March 29, 2018

Respectfully submitted,

Gregg E. Szilagyi, in his capacity as chapter 7 trustee for the bankruptcy estate of Raceway Central Chicago Heights LLC

By:     */s/ Ira Bodenstein*
        One of his attorneys

Robert W. Glantz (#6201207)
Ira Bodenstein (#3126857)
David R. Doyle (#6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Phone: (312) 541-0151

{12396-005 MOT A0502043.DOCX 2}                    9