## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| *In re:* | Chapter 7 |
| CGI JOLIET, LLC, *et al.*, | Case No. 17-18810 |
| *Debtors.* | Hon. Pamela S. Hollis |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Gregg Szilagyi, chapter 7 trustee |
| Date of Order Authorizing Employment: | December 14, 2017 (effective December 4, 2017) |
| Period for Which Compensation is Sought: | January 11, 2018 through June 11, 2018 |
| Amount of Fees Sought: | $371,630.00 |
| Amount of Expense Reimbursement Sought: | $5,743.25 |

| This is a(n): | ☐ Interim Application | ☒ Final Application |
|---|---|---|

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| N/A[1] | N/A | N/A | N/A | N/A |

| Applicant: | Shaw Fishman Glantz & Towbin LLC |
|---|---|
| Date: January 3, 2019 | By:    /s/ Ira Bodenstein |
| | One of its Members |

---

[1] Shaw Fishman Glantz & Towbin LLC filed a final application for compensation and reimbursement of expenses for its representation of the interim chapter 7 trustee, Peter Metrou.  [Case No. 17-13886, Dkt. No. 1367].

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re:* | Chapter 7 |
| CGI JOLIET, LLC, *et al.*,[2] | Case No. 17-18810 |
| *Debtors.* | Hon. Pamela S. Hollis |

## NOTICE OF APPLICATION

**TO:    See Attached Service List**

    **PLEASE TAKE NOTICE** that on **January 17, 2019,** at **11:00 a.m.,** the undersigned shall appear before the Honorable Pamela S. Hollis, or whomever may be sitting in her place and stead, in courtroom 644, United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn, Chicago, IL 60604 and will then and there present the **First and Final Application of Shaw Fishman Glantz & Towbin LLC for Allowance and Payment of Fees and Reimbursement of Expenses as Counsel to Trustee**, at which time you may appear if you deem fit.

                    Respectfully submitted,

                    SHAW FISHMAN GLANTZ & TOWBIN LLC

Dated: January 3, 2019          By:  */s/ Ira Bodenstein*                
                         One of its attorneys

Robert M. Fishman (IL ARDC 3124316)
Ira Bodenstein (IL ARDC 3126857
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
Phone: (312) 541-0151
Fax: (312) 980-3888
rfishman@shawfishman.com
ibodenstein@shawfishman.com
ddoyle@shawfishman.com

---

[2] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), and Raceway Central Wheaton LLC (2161).

# CERTIFICATE OF SERVICE

David R. Doyle certifies that he caused to be served a true copy of the above and foregoing **Notice of Application** and **First and Final Application of Shaw Fishman Glantz & Towbin LLC for Allowance and Payment of Fees and Reimbursement of Expenses as Counsel to Trustee**, upon the attached Service List in the manner indicated on January 3, 2019.

/s/ David R. Doyle
_____

**Mailing Information for Case 17-18810**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- David A Agay    dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com;bkfilings@mcdonaldhopkins.com
- Ronald Barliant    ronald.barliant@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Ira Bodenstein    ibodenstein@foxrothschild.com, plove@foxrothschild.com;chdocket@foxrothschild.com
- Scott R Clar    sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com
- David R Doyle    ddoyle@foxrothschild.com, kjanecki@foxrothschild.com
- Michael M. Eidelman    meidelman@vedderprice.com, ecfdocket@vedderprice.com; michael-eidelman-9405@ecf.pacerpro.com;7610@ecf.pacerpro.com
- Robert M Fishman    rfishman@foxrothschild.com, kjanecki@foxrothschild.com
- Robert W Glantz    rglantz@foxrothschild.com, orafalovsky@foxrothschild.com
- Allison Hudson    ahudson@vedderprice.com, ecfdocket@vedderprice.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Peter J Roberts    proberts@foxrothschild.com, cknez@foxrothschild.com
- Gregg Szilagyi    gs@tailserv.com, gszilagyi@ecf.epiqsystems.com;gszilagyi@epiqtrustee.com
- Robert D Tepper    rtepper@sabt.com, SummersM@ballardspahr.com;tsobieraj@satcltd.com
- William W Thorsness    wthorsness@vedderprice.com, ecfdocket@vedderprice.com;ewatt@vedderprice.com;7610@ecf.pacerpro.com;william-thorsness-6297@ecf.pacerpro.com
- Brian R Zeeck    bzeeck@hinshawlaw.com, cynthiablack@hinshawlaw.com

**Email**
Kelbon@BlankRome.com
ha.nguyen@usdoj.gov
gs@tailserv.com

ACTIVE\78782016.v2-1/3/19

**U.S. Mail**
Amari & Locallo
Amari & Locallo
218 N Jefferson Street
Chicago, IL 60661

Mark D Collins
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Jeffrey S. Endick
Slevin & Hart, P.C.
1625 Massachusetts Ave. N.W.
Suite 450
Washington, DC 20036

ACTIVE\78782016.v2-1/3/19

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| *In re:* | Chapter 7 |
| CGI JOLIET, LLC, *et al.*,[3] | Case No. 17-18810 |
| *Debtors.* | Hon. Pamela S. Hollis |

## FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO TRUSTEE

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), pursuant to §§ 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a)(6) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Rules"), and Local Rule 5082-1, hereby applies (the "Application") on a final basis for (i) allowance of fees for services rendered during the period of January 11, 2018 through June 11, 2018 (the "Application Period") to Gregg Szilagyi, not individually, but solely in his capacity as chapter 7 trustee of the above-captioned bankruptcy estates (the "Trustee"), in the amount of $371,630.00 (the "Fees") and reimbursement of expenses in the amount of $5,743.25 (the "Expenses"), (ii) payment of the Holdback Amount (defined below), and (iii) approval of the limited notice of the Application. In support of the Application, Shaw Fishman respectfully states as follows:

---

[3] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), and Raceway Central Wheaton LLC (2161).

## Jurisdiction and Venue

1.      This Court has core jurisdiction over this matter pursuant to 11 U.S.C. §§ 157(b)(2)(A), (B), and (M) and 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A.  Overview

2.      On May 2, 2017, certain creditors of Central Grocers, Inc. ("Central Grocers") commenced an involuntary bankruptcy case against CGI under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

3.      On May 4, 2017, each of the following entities filed voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"): Central Grocers, CGI Joliet, LLC ("CGI Joliet"), Currency Express, Inc. ("Currency Express"), Raceway Central, LLC ("Raceway Central"), Raceway Central Calumet Park LLC ("Raceway Calumet"), Raceway Central Chicago Heights LLC ("Raceway Heights"), Raceway Central Downers Grove LLC ("Raceway Downers"), Raceway Central Joliet North LLC ("Raceway Joliet"), Raceway Central LLC North Valpo ("Raceway Valpo"), Raceway Central Wheaton LLC ("Raceway Wheaton"), Strack and Van Till Super Market ("Strack"), and SVT, LLC ("SVT") (collectively, the "Debtors").

4.      On June 13, 2017, this Court directed that each of the Debtors' bankruptcy cases pending in the Delaware Court be transferred to this Court and that those cases be consolidated with Central Grocers' pending case.

ACTIVE\78782016.v2-1/3/19

5.      On November 30, 2017, the Court entered an order [Dkt. No. 1085] (the "Conversion Order") converting the Debtors' bankruptcy cases from chapter 11 to chapter 7 of the Bankruptcy Code, effective as of December 4, 2017 at 3:00 p.m. (CT).

6.      On December 4, 2017, the United States Trustee for Region 11 appointed Peter N. Metrou as interim chapter 7 trustee (the "Interim Trustee") for the bankruptcy estates of all of the Debtors.

7.      At the subsequent § 341 meeting of creditors on January 11, 2018, the creditors elected new chapter 7 trustees (the "Trustee Election") for all of the Debtors' bankruptcy estates, as follows:

    a.  Gregg Szilagyi was elected Trustee of the bankruptcy estates of CGI Joliet, Currency Express, Raceway Central, Raceway Calumet, Raceway Heights, Raceway Downers, Raceway Joliet, Raceway Valpo, and Raceway Wheaton (the "Raceway Debtors").

    b.  Howard Samuels (the "CGI Trustee") was elected trustee of the bankruptcy estates of Central Grocers, Strack and SVT (the "CGI Debtors").

**B.  Retention of Shaw Fishman**

8.      On December 11, 2017, the Interim Trustee filed the *Application of Trustee for Authority to Employ Shaw Fishman Glantz & Towbin LLC as Counsel* [Dkt. No. 1096] (the "Retention Application").   In the Retention Application, the Trustee sought approval of his retention of Shaw Fishman as general bankruptcy counsel pursuant to §§ 327 and 330 of the Bankruptcy Code.  The Trustee proposed that Shaw Fishman render the following services:

    a.  Advise the Trustee with respect to his duties and powers in the Cases;

    b.  Assist the Trustee in his investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors;

    c.  Assist and advise the Trustee with respect to the liquidation of property of the Estate, including rendering real estate services as required;

    d.   Assist the Trustee in operating the business on a limited basis (as authorized by the Court);

    e.   Assist the Trustee in connection with employee issues;

    f.   Assist and advise the Trustee in his pursuit of avoidance actions, claims resolution and other causes of action; and

    g.   Perform such other legal services (specifically not including securities and tax services) as may be required and in the best interest of the Estate.

9.    On December 14, 2017, the Court granted the Retention Application and approved the retention of Shaw Fishman as general bankruptcy counsel to the Interim Trustee in all of the jointly administered cases, effective as of December 4, 2017.  [Dkt. No. 1114].

10.    After the Trustee Election, on January 25, 2018, Shaw Fishman filed the *Uncontested Motion of Shaw Fishman Glantz & Towbin LLC to Withdraw as Counsel for Chapter 7 Trustee of SVT, LLC, Central Grocers, Inc., and Strack and Van Til Super Market, Inc.* [Dkt. No. 1250] (the "Motion to Withdraw").  In the Motion to Withdraw, Shaw Fishman explained that, although Shaw Fishman had agreed to continue representing the Trustee (in his capacity as Trustee of the Raceway Debtors), the parties had determined that it would be appropriate for Shaw Fishman to seek leave to withdraw as counsel to the CGI Trustee.

11.    On February 15, 2018, the Court entered an order [Dkt. No. 1320] granting the Motion to Withdraw and withdrawing the appearances of the attorneys at Shaw Fishman on behalf of the CGI Trustee.

**C. Interim Compensation Procedures**

12.    On February 12, 2018, the Trustee filed the *Motion of Raceway Trustee for Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Dkt. No. 1280] (the "Fee Procedures Motion").

13.     On February 15, 2018, the Court entered an *Order Granting Motion of Raceway Trustee for Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Dkt. No. 25] (the "Fee Procedures Order"), which granted the relief sought in the Fee Procedures Motion.

14.     Under the Fee Procedures Order, the Trustee's professionals may serve a Monthly Statement (as defined in the Fee Procedures Order) seeking interim compensation and reimbursement of expenses for the previous month.  (Fee Procedures Order ¶ 3.a.)  The Monthly Statement must generally describe the services provided during the applicable period and provide an itemization of all expenses for which reimbursement is sought.  (*Id.*)  The Fee Procedures Order requires the professional to serve the Monthly Statement on the following parties (the "Notice Parties"): (i) the Trustee; (ii) the Trustee's counsel; (iii) the Office of the United States Trustee; and (iv) counsel to PNC Bank, N.A.  (*Id.*)

15.     The Fee Procedures Order grants the Notice Parties 14 days to review the Monthly Statement and, if necessary, serve an objection (the "Objection Period").  (Fee Procedures Order ¶ 3.c.)  At the expiration of the Objection Period, the Fee Procedures Order permits the Trustee to pay the lesser of either (i) 80% of the fees and 100% of the expenses requested in the Monthly Statement or (ii) 80% of the fees and 100% of the expenses requested in the Monthly Statement that are not the subject of an Objection (an "Interim Payment").  (*Id.*).

16.     During the Application Period, Shaw Fishman served Monthly Statements on the Notice Parties in connection with the Fees and Expenses sought by this Application, as set forth in the following chart.  Copies of the Monthly Statements are attached hereto as <u>Group Exhibit A</u>.

| Month | Total Fees | Total Expenses | Interim Payment | 20% Holdback |
|-------|-----------|----------------|-----------------|--------------|
| January–February 2018 | $158,028.50 | $2,109.40 | $128,532.20 | $31,605.70 |
| March 2018 | $92,028.00 | $654.01 | $74,316.41 | $18,365.60 |
| April 2018 | $47,612.50 | $1,437.84 | $39,527.84 | $9,522.50 |

ACTIVE\78782016.v2-1/3/19

| Month | Total Fees | Total Expenses | Interim Payment | 20% Holdback |
|-------|-----------|----------------|-----------------|--------------|
| May–June 11, 2018 | $73,961.00 | $1,542.00 | $60,710.80 | $14,792.20 |
| **Total** | **$371,630.00** | **$5,743.25** | **$303,087.25** | **$74,286.00** |

No party submitted an objection to any the Monthly Statements.  Accordingly, the Trustee paid Shaw Fishman the Interim Payments set forth above.

17.    The Fee Procedures Order permits the Trustee's professionals to file an interim application every four (4) months for Court approval and allowance of the compensation and reimbursement of expenses sought in the Monthly Statement for the previous four-month period.

### Relief Requested

18.    Shaw Fishman respectfully requests that the Court (i) allow the Fees and Expenses on a final basis and (ii) authorize the Trustee to pay Shaw Fishman the remaining 20% of the Fees held back pursuant to the Fee Procedures Order, or $74,286.00 (the "Holdback Amount").

19.    Although Shaw Fishman rendered services to all of the Raceway Debtors during the Application Period, certain services only benefitted the estate of a particular Raceway Debtor (the "Specific Services"), while other services benefitted the estates of all the Raceway Debtors. Accordingly, Shaw Fishman allocated the Fees and Expenses for the Specific Services either to the applicable Raceway Debtor, or to an "umbrella category" for services that benefitted all of the Raceway Debtors (the "Umbrella Services").

20.    For the Umbrella Services, Shaw Fishman proposes assessing the fees and expenses against the estates of all of the Raceway Debtors proportionally according to the allocation percentages in the *Order Authorizing and Approving Allocation of Proceeds of the Global Settlement* [Dkt. No. 989] (the "Allocation Order"), as modified by the *Order Granting, in Part, Motion of Raceway Trustee to (I) Modify the Allocation Order and the Allocation Analysis Approved Thereby; (II) Modify the Definition of "Net Proceeds" Approved by the Settlement*

ACTIVE\78782016.v2-1/3/19

*Order; and (III) Grant Other Appropriate Relief* [Dkt. No. 149] (the "Amended Allocation Order"), as adjusted to reallocate the percentages of the CGI Debtors.[4]  The following chart summarizes the Fees and Expenses incurred by Shaw Fishman and the proposed assessment of the Umbrella Services.

| TOTAL | Specific Fees | Specific Expenses | Allocation Percentage | Umbrella Fee Allocation | Umbrella Expense Allocation | Total Assessment |
|---|---|---|---|---|---|---|
| CGI Joliet, LLC | $0.00 | $0.00 | 68.66% | $121,394.73 | $586.45 | $121,981.18 |
| Currency Express | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 |
| Raceway Calumet | $23,440.00 | $17.00 | 2.51% | $4,432.26 | $21.41 | $27,910.67 |
| Raceway Valpo | $0.00 | $0.00 | 6.13% | $10,834.42 | $52.34 | $10,886.76 |
| Raceway Downers | $18,419.00 | $181.47 | 5.71% | $10,095.71 | $48.77 | $28,744.95 |
| Raceway Central | $59,479.00 | $2,764.34 | 2.51% | $4,432.26 | $21.41 | $66,697.01 |
| Raceway Heights | $18,289.00 | $183.68 | 4.60% | $8,125.81 | $39.26 | $26,637.75 |
| Raceway Joliet | $37,371.00 | $1,325.36 | 5.29% | $9,357.00 | $45.20 | $48,098.56 |
| Raceway Wheaton | $37,834.00 | $417.30 | 4.60% | $8,125.81 | $39.26 | $46,416.37 |
| Umbrella Services | $176,798.00 | $854.10 | | | | |
| **Total** | **$371,630.00** | **$5,743.25** | **100.00%** | **$176,798.00** | **$854.10** | **$377,373.25** |

21.     Throughout the Application Period, Shaw Fishman provided 761.9 hours of professional services to the Raceway Debtors with a value of $371,630.00.  All of the services for which compensation is requested were consistent in scope to those outlined in the Retention Application and were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

22.     In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application

---

[4]  The Monthly Statements were served prior to entry of the Amended Allocation Order, and as such, they proposed assessing the Fees for the Umbrella Services according to the allocation percentages set forth in the Allocation Order.  Shaw Fishman proposes adjusting the assessments to reflect the allocations set forth in the Amended Allocation Order.

Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its

services into 23 separate categories, as follows:[5]

| Category | Hours | Fees |
|---|---|---|
| Allocation and Settlement Agreement | 69.2 | $43,024.00 |
| Automatic Stay | 0.8 | $440.00 |
| Case Administration | 71.1 | $38,703.00 |
| Cash Collateral/DIP Financing | 29.3 | $14,121.00 |
| Creditors and Claims | 7.6 | $4,724.00 |
| Estates' Claims Against Central Grocers | 19.8 | $10,718.00 |
| Executory Contracts | 0.5 | $275.00 |
| Fee Applications | 19.5 | $10,205.00 |
| General Operations | 51 | $20,536.00 |
| General Real Estate Taxes | 18.2 | $9,322.00 |
| Insurance | 14.8 | $8,140.00 |
| Korellis Adversary | 29.7 | $13,385.50 |
| Mechanic's Lien Claim | 37.1 | $17,464.50 |
| Motion to Lift Stay | 61.9 | $29,776.00 |
| Pre-petition Litigation | 2.2 | $1,210.00 |
| Professionals Compensation Issues | 7.9 | $3,589.00 |
| Retention of Professionals | 24.3 | $12,309.00 |
| Sale of Assets | 225.5 | $101,329.00 |
| Securing and Collecting Data | 23.1 | $6,881.00 |
| Substantive Consolidation | 31.8 | $17,598.00 |
| Tax Issues | 8.9 | $3,717.00 |
| Trustee Election Matters | 0.8 | $248.00 |
| Utility Issues | 6.9 | $3,915.00 |
| **Total** | **761.9** | **$371,630.00** |

23.     Detailed invoices (the "***Invoices***") for each time category are attached hereto as

Exhibit B.  The following are separate descriptions of each category, divided by the applicable

Raceway Debtor or the Umbrella Services, which generally describe the tasks performed (with the

exception of categories with fees of less than $2,000, which are fully described in the Invoices).

The Invoices provide detailed descriptions of all services rendered in each of the above categories

and the timekeeper, date and amount of time spent in each category.  Summary charts for each

---

[5] Certain category titles, like Sale of Assets, were used multiple times in connection with Specific Services or were billed as Umbrella Services.  This chart aggregates the total hours and fees for each category.

category setting forth each professional who rendered services, the total time and value of services, and the total dollar value are provided herein.

**Allocation and Settlement Agreement Issues**

24.    ***Umbrella Services.***  This category relates to services provided in connection with the Allocation Order and the Court-approved [Case No. 17-13886, Dkt. No. 988] settlement between various secured creditors of the Debtors and the Official Committee of Unsecured Creditors, and the distribution of proceeds from the settlement among the estates of the various Debtors.

25.    Specific tasks included: (i) reviewing and analyzing the Allocation Order, the *Motion of the Official Committee of Unsecured Creditors pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for Entry of an Order Approving Settlement and Compromise of Claims* [Case No. 17-13886, Dkt. No. 857] (the "Settlement Motion"), the *Order Authorizing and Approving Settlement Agreement by and amount the Secured Creditors and the Official Committee of Unsecured Creditors of Central Grocers, Inc., et al., on behalf of Itself, each of the Debtors, and Each of the Debtors' Estates* [Dkt. No 988] (the "Settlement Order"), the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order, in Furtherance of the Global Settlement with the Secured Parties, Approving the Allocation of Proceeds of the Global Settlement* [Case No. 17-13886, Dkt. No. 902] (the "Allocation Motion"), and the underlying settlement agreement and other documentation; (ii) communicating with counsel to the Official Committee of Unsecured Creditors regarding the Allocation Order; (iii) discussing the Settlement Motion, the Allocation Motion, and the Allocation Order internally and with counsel to the CGI Trustee to understand its impact on the estates of the Raceway Debtors; and (iv) drafting, reviewing and revising a motion

to modify certain provisions of the Settlement Motion, Settlement Order, Allocation Order and

adjust the allocation of the settlement proceeds set forth therein.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 27.5 | $15,125.00 |
| Robert M. Fishman | 26.8 | $20,100.00 |
| Robert W. Glantz | 8.1 | $4,455.00 |
| Terence G. Banich | 6.6 | $3,234.00 |
| **TOTAL** | **69** | **$42,914.00** |

## Case Administration

26.    ***Umbrella Services.***   This category includes services pertaining to general case

administration, including but not limited to, preparation for and participation in hearings, meetings,

telephone conferences and other activities where various subject matters were discussed, analyzed,

or otherwise acted upon.   Specific tasks included: (i) conferring with the Trustee and other

professionals at Shaw Fishman regarding case strategy, immediate tasks to undertake, and the

transition from the Interim Trustee to the Trustee's operation of the estates of the Raceway

Debtors; (ii) drafting, reviewing and revising a motion to authorize the Trustee to operate the

businesses of the Raceway Debtors; (iii) drafting, reviewing and revising a motion to amend the

case management procedures and related proposed order; (iv) attending the § 341 meeting of

creditors; (v) preparing a suggestion of bankruptcy for filing with state authorities; and (vi) drafting

proposed agendas in advance of omnibus hearings.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 45.8 | $25,190.00 |
| Robert M. Fishman | 6.9 | $5,175.00 |
| Robert W. Glantz | 8.3 | $4,565.00 |
| David R. Doyle | 9.9 | $3,663.00 |
| **TOTAL** | **70.9** | **$38,593.00** |

## Cash Collateral/DIP Financing

27.    ***Raceway Calumet.***   This category relates to the postpetition financing required by

Raceway Calumet, which as of the date of the Conversion Order, had no liquid assets and could

not fund the expenses necessary to maintain its real estate, the sole asset of the Raceway Calumet

estate.  Ultimately the Trustee obtained Court authority to borrow money from the CGI Joliet estate

until Raceway Calumet's real estate was sold.   Specific tasks in this category included:

(i) researching and advising the Trustee regarding his rights under § 364 of the Bankruptcy Code

and the permitted terms of the proposed financing; (ii) preparing a budget for the proposed

financing; (iii) drafting, reviewing and revising a motion for authority to obtain postpetition

financing and proposed order; (iv) communicating with creditors and the United States Trustee

regarding the proposed financing; and (v) preparing for and attending a hearing on the motion to

obtain the postpetition financing.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 7.2 | $3,960.00 |
| Robert M. Fishman | 2.0 | $1,500.00 |
| Robert W. Glantz | 6.8 | $3,740.00 |
| David R. Doyle | 13.3 | $4,921.00 |
| **TOTAL** | **29.3** | **$14,121.00** |

## Creditors and Claims

28.   ***Umbrella Services.***   This category relates to meetings with counsel to various

creditors of the Raceway Debtors and responding to creditor inquiries.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 7.2 | $3,960.00 |
| Robert M. Fishman | 2.0 | $1,500.00 |
| Robert W. Glantz | 6.8 | $3,740.00 |
| David R. Doyle | 13.3 | $4,921.00 |
| **TOTAL** | **29.3** | **$14,121.00** |

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 3.7 | $2,035.00 |
| Robert M. Fishman | 2.9 | $2,175.00 |
| David R. Doyle | .2 | $74.00 |
| **TOTAL** | **6.8** | **$4,284.00** |

11

**Estates' Claims against Central Grocers, et al.**

29.     *Umbrella Services.*   This category relates to the Trustee's investigation into potential claims of the Raceway Debtors against the estates of the CGI Debtors.  Specific tasks included: (i) reviewing the bankruptcy schedules and statements of financial affairs filed by the Raceway Debtors and other documentation; (ii) drafting, reviewing and revising proofs of claim to be filed against the estates of the CGI Debtors; and (iii) analyzing the proofs of claim filed by the CGI Debtors against the estates of the Raceway Debtors.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 3.7 | $2,035.00 |
| Robert M. Fishman | 2.9 | $2,175.00 |
| David R. Doyle | .2 | $74.00 |
| **TOTAL** | **6.8** | **$4,284.00** |

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 1.7 | $935.00 |
| Peter Roberts | 15.8 | $8,058.00 |
| Robert M. Fishman | 2.3 | $1,725.00 |
| **TOTAL** | 19.8 | $10,718.00 |

**Fee Applications**

30.     *Umbrella Services.*   This category includes services related to the preparation of Monthly Statements and applications for allowance and payment of fees and reimbursement of expenses by the Trustee's professionals.  Specific tasks included: (i) drafting, reviewing and revising Shaw Fishman's application for compensation and reimbursement of expenses in connection with its representation of the Interim Trustee; (ii) preparing Monthly Statements; and (iii) and creating a monthly template that automatically calculates the amounts payable under the Fee Procedures Order by each of the Raceway Debtors.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 5.0 | $2,750.00 |
| Robert M. Fishman | 5.5 | $4,125.00 |
| David R. Doyle | 9.0 | $3,330.00 |
| **TOTAL** | **19.5** | **$10,205.00** |

12

**General Investigation**

31.     *Umbrella Services.*   This category includes services related to the Trustee's consolidation of the assets of the Raceway Debtors and investigation into their business operations. Specific tasks included: (i) meeting with prepetition counsel to the Debtors and counsel to certain creditors of the Raceway Debtors; and (ii) attending depositions of board members of Central Grocers and members of the Central Grocers Cooperative taken by counsel to the CGI Trustee.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 9.2 | $5,060.00 |
| David R. Doyle | 19.1 | $7,067.00 |
| Charmala Donohue | 13.3 | $3,591.00 |
| **TOTAL** | **41.6** | **$15,718.00** |

32.     *Raceway Joliet.*   This category relates to the Trustee's investigation into Raceway Joliet's business operations and the status of the bankruptcy case.  Specific tasks in this category included reviewing the tract search results on real estate owned by Raceway Joliet and analyzing an alleged option to purchase the real estate that the adjoining landowner was attempting to exercise.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | .3 | $165.00 |
| Robert W. Glantz | 4.2 | $2,310.00 |
| Patricia M. Fredericks | 1.1 | $253.00 |
| **TOTAL** | **5.6** | **$2,728.00** |

**General Operations**

33.     *Umbrella Services.*   This category includes services related to the business operations of the Raceway Debtors, including communicating with the property manager of the real estate of the Raceway Debtors and revising the successor trustee report to be filed by the Trustee.

13

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 2.6 | $1,430.00 |
| Robert W. Glantz | 1.2 | $660.00 |
| **TOTAL** | **3.8** | **$2,090.00** |

### General Real Estate Issues

34.     ***Umbrella Services.***  This category includes services relating to the real estate of the Raceway Debtors.  Specific tasks included communicating with the retained real estate brokers and counsel to various creditors regarding the status of the Trustee's efforts to sell the real estate of the Raceway Debtors.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 3.9 | $2,145.00 |
| Patricia Fredericks | .9 | $207.00 |
| Robert M. Fishman | .3 | $225.00 |
| Robert W. Glantz | 5.4 | $2,970.00 |
| **TOTAL** | **10.5** | **$5,547.00** |

### Insurance

35.     ***Umbrella Services.***  This category includes services relating to insurance coverage of the estates of the Raceway Debtors.  Specific tasks included: (i) communicating with the Trustee, the CGI Trustee and various other professionals regarding insurance issues; (ii) analyzing certificates of insurance and other documentation; and (iii) reviewing quotes for replacement insurance from various brokers.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 1.3 | $715.00 |
| Robert W. Glantz | 13.5 | $7,425.00 |
| **TOTAL** | **14.8** | **$8,140.00** |

### Korellis Adversary and Mechanic's Lien Claim

36.     ***Raceway Central.***  This category relates to the mechanic's lien claim asserted by Korellis Roofing, Inc. ("Korellis") for certain roofing work performed by Korellis on the "Tract 1" real estate owned by Raceway Central in Hammond, Indiana.  Approximately $500,000 is

14

currently held in escrow after the sale of Tract 1 pending resolution of Korellis' mechanic's lien. Korellis filed a motion for relief from the automatic stay to commence a foreclosure action in the Indiana state court and obtain the escrowed proceeds. The Trustee filed a response brief opposing the stay relief motion, and the Court ultimately denied the motion. Korellis then filed an adversary proceeding against the Trustee (the "Adversary Proceeding") to foreclose its mechanic's lien and for related relief. The Adversary Proceeding is currently pending before the Court.

37.    Specific tasks in these categories included: (i) reviewing and analyzing Korellis' recorded mechanic's lien and related documentation; (ii) reviewing and analyzing Korellis' motion for relief from the automatic stay; (iii) drafting, reviewing and revising a response brief objecting to the stay relief motion; (iv) reviewing and analyzing the reply brief filed by Korellis in support of the stay relief motion; (v) preparing for and attending a hearing on the stay relief motion; (vi) reviewing and analyzing the complaint filed by Korellis; (vii) researching affirmative defenses and counterclaims under Indiana law and the Bankruptcy Code for the Trustee to assert in the Adversary Proceeding; (viii) communicating with counsel for Korellis; (ix) meeting with the Trustee to advise him of the status of the litigation and his defenses and counterclaims; and (x) drafting, reviewing and revising the Trustee's answer, affirmative defenses, and counterclaim.

| Professional | Hours | Amount |
|---|---|---|
| David R. Doyle | 22.9 | $8,473.00 |
| Ira Bodenstein | 8.9 | $4,895.00 |
| Joseph Cohen | 27.2 | $11,832.00 |
| Robert M. Fishman | 6.8 | $5,100.00 |
| Robert W. Glantz | 1 | $550.00 |
| **TOTAL** | **66.8** | **$30,850.00** |

**Motion to Lift Stay**

38.    ***Raceway Joliet.*** This category relates to the motion for relief from the automatic stay filed by North Windham Properties, LLC ("Windham"), as well as matters pertaining to Windham's claim that it held an option to purchase the real estate owned by Raceway Joliet.

15

Specific tasks in this category included: (i) conducting research under applicable state and federal law regarding the enforceability of the restrictive covenants; (ii) reviewing and analyzing the motion for relief from the automatic stay filed by Windham; (iii) preparing for and attending related hearings before the Court; (iv) reviewing and revising a protective order requested by Windham to govern documents produced by Windham in discovery; (v) negotiating with counsel to Windham; (vi) reviewing appraisals related to the real estate; and (vii) advising the Trustee regarding the status of the dispute with Windham and counseling on strategy.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 13.5 | $7,425.00 |
| Robert M. Fishman | 2.7 | $2,025.00 |
| Robert W. Glantz | 22.8 | $12,540.00 |
| Allison Hudson | 22.9 | $7,786.00 |
| **TOTAL** | **61.9** | **$29,776.00** |

### Professionals Compensation Issues

39.     *Umbrella Services.*   This category includes services relating to drafting, reviewing and revising the Fee Procedures Motion, preparing for and attending a hearing on the Fee Procedures Motion, and communicating with the Debtors' Chief Restructuring Officer regarding the fees awarded to the Debtors' attorneys and the Official Committee of Unsecured Creditors.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 3.7 | $2,035.00 |
| David R. Doyle | 4.2 | $1,554.00 |
| **TOTAL** | **7.9** | **$3,589.00** |

### Retention of Professionals

40.     *Raceway Calumet.*   This category includes services related to the Raceway Calumet estate's retention of real estate tax counsel.  Specific tasks in this category included: (i) communicating with the proposed counsel and negotiating the terms of counsel's retention; and (ii) drafting, reviewing and revising an application to retain special counsel, a declaration of the special counsel, and a proposed order.

16

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 7.1 | $3,905.00 |
| **TOTAL** | **7.1** | **$3,905.00** |

41.    ***Raceway Heights.***  This category includes services related to the Raceway Heights estate's retention of real estate tax counsel.    Specific tasks in this category included: (i) communicating with proposed counsel and negotiating the terms of counsel's retention; and (ii) drafting, reviewing and revising an application to retain special counsel, a declaration of the special counsel, and a proposed order.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 3.9 | $2,145.00 |
| Robert W. Glantz | .3 | $165.00 |
| **TOTAL** | **4.2** | **$2,310.00** |

42.    ***Raceway Joliet.***  This category includes services related to the Raceway Joliet estate's retention of a real estate appraiser.    Specific tasks in this category included: (i) communicating with the real estate appraiser; and (ii) drafting, reviewing and revising an application to employ the appraiser, as well as a related declaration and proposed order.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 1.1 | $605.00 |
| David R. Doyle | 4.7 | $1,739.00 |
| **TOTAL** | **5.8** | **$2,344.00** |

43.    ***Umbrella Services.***  This category relates to the Trustee's retention of High Ridge Partners ("High Ridge") as property manager of the real estate of the Raceway Debtors.  Specific tasks included communicating with the Trustee and professionals at High Ridge regarding the firm's retention.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 3.5 | $1,925.00 |
| Robert M. Fishman | .3 | $225.00 |
| Robert W. Glantz | 1.9 | $1,045.00 |
| **TOTAL** | **5.7** | **$3,195.00** |

17

## Sale of Assets

44. **_Raceway Central._** This category relates to the Trustee's sale of certain real estate owned by Raceway Central in Hammond, Indiana, a portion of which ("Tract 1") had been sold by Raceway Central prior to entry of the Conversion Order. Shaw Fishman represented the Trustee in connection with the sale of the parcel commonly referred to as "Tract 2." Specific tasks included: (i) analyzing the Court's order authorizing the sale of Tract 1; (ii) reviewing and analyzing documents of record pertaining to the real estate; (iii) analyzing various secured claims asserted against the real estate, including Korellis' mechanic's lien and certain real estate tax claims; (iv) drafting the underlying sale documents relating to the sale of Tract 2; (v) drafting, reviewing and revising a motion and proposed order for authority to sell Tract 2 under § 363 of the Bankruptcy Code; (vi) resolving an issue with respect to redeeming unpaid real estate taxes on the property owed to the Lake County, Indiana; (vii) preparing for and attending a hearing on the sale motion; (viii) drafting, reviewing and revising closing documents in connection with closing of the sale of Tract 2; and (ix) communicating with the title insurance company regarding the closing.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 4.3 | $2,365.00 |
| Patricia Fredericks | 18.6 | $4,278.00 |
| Robert W. Glantz | 34.3 | $18,865.00 |
| David R. Doyle | 2.5 | $925.00 |
| **TOTAL** | **59.7** | **$26,433.00** |

45. **_Raceway Heights._** This category relates to Shaw Fishman's representation of the Trustee in the sale of real estate owned by Raceway Heights. Specific tasks in this category included: (i) reviewing the offer to purchase the property; (ii) negotiating with the purchaser's attorney over the terms of the sale; (iii) reviewing due diligence and title documents; (iv) drafting a purchase and sale agreement; (v) communicating with the title company regarding items

necessary for closing; (vi) drafting, reviewing and revising a motion for authority to sell the real

estate and related proposed order; (vii) reviewing and analyzing the title commitment;

(viii) responding to creditor inquiries regarding the sale; and (ix) preparing for and attending a

hearing on the sale motion.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 1.6 | $880.00 |
| Patricia Fredericks | 6.1 | $1,403.00 |
| Robert W. Glantz | 20.6 | $11,330.00 |
| David R. Doyle | 2.7 | $999.00 |
| **TOTAL** | **31** | **$14,612.00** |

46.    ***Raceway Downers.***  This category relates to Shaw Fishman's representation of the

Trustee in the sale of real estate owned by Raceway Downers.  Specific tasks in this category

included: (i) drafting a purchase and sale agreement; (ii) conferring with the Trustee regarding the

terms and conditions of the sale; (iii) communicating with the purchaser's counsel regarding

revisions and amendments to the purchase and sale agreement; (iv) reviewing the title insurance

commitment; (v) drafting, reviewing and revising a motion for authority to sell the property and a

related proposed order; (vi) communicating with the title company regarding items necessary for

closing; and (vii) preparing for and attending a hearing on the sale motion.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 2.5 | $1,375.00 |
| Patricia Fredericks | 4.7 | $1,081.00 |
| Robert W. Glantz | 26.9 | $14,795.00 |
| David R. Doyle | 2.4 | $888.00 |
| **TOTAL** | **36.5** | **$18,139.00** |

47.    ***Raceway Wheaton.***  This category relates to Shaw Fishman's representation of the

Trustee in the sale of real estate owned by Raceway Wheaton.  Specific tasks in this category

included: (i) reviewing due diligence and title documents; (ii) communicating and negotiating with

counsel for the purchaser; (iii) reviewing the title insurance commitment; (iv) drafting, reviewing

and revising motion for authority to sell the real estate and related proposed order; (v) preparing

for and attending a hearing before the Court on the sale motion; (vi) preparing, revising and finalizing closing documents; (vii) communicating with utility companies regarding obtaining final bills; (viii) drafting a report of sale; (ix) coordinating the closing of the sale; and (x) conferring with the Trustee regarding the status of the sale and advising him on various issues and developments.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 8.3 | $4,565.00 |
| Patricia Fredericks | 24.0 | $5,520.00 |
| Robert M. Fishman | 2.0 | $1,500.00 |
| Robert W. Glantz | 37.1 | $20,405.00 |
| David R. Doyle | 15.2 | $5,624.00 |
| **TOTAL** | **86.6** | **$37,614.00** |

## Securing and Collecting Data

48.    *Umbrella Services.*   This category relates to the Trustee's efforts to gather and maintain the physical and electronic business records, emails and documents of the Debtors. Specific tasks included: (i) meeting with Central Grocers' information technology professionals to understand the location and accessibility of the Debtors' records and electronically stored information; (ii) coordinating the collection and transfer of the Debtors' records onto an online platform; and (iii) communicating with counsel to the CGI Trustee to obtain records held by the CGI Debtors.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 2.3 | $1,265.00 |
| Charmala Donohue | 20.8 | $5,616.00 |
| **TOTAL** | **23.1** | **$6,881.00** |

## Substantive Consolidation

49.    *Umbrella Services.*   This category includes services related to the Trustee's investigation into the possibility of substantively consolidating the estates of the Raceway Debtors and the CGI Debtors.   Specific tasks included: (i) reviewing key legal authorities governing

substantive consolidation; (ii) meeting with prepetition counsel for the Debtors, as well as counsel for various creditors of the Debtors and the CGI Trustee, to discuss substantive consolidation issues; and (iii) analyzing loan documents and other transaction documents.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 20.1 | $11,055.00 |
| Peter J. Roberts | 9.3 | $4,743.00 |
| Robert M. Fishman | 2.4 | $1,800.00 |
| **TOTAL** | **31.8** | **$17,598.00** |

## Utility Issues

50.    ***Umbrella Services.***  This category includes services related to the utilities providing services to the Raceway Debtors.  Specific tasks included: (i) investigating the utility escrow account established by the Debtors prior to entry of the Conversion Order; (ii) reviewing utility bills; and (iii) communicating with the property manager regarding utility issues.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 2.3 | $1,265.00 |
| Robert M. Fishman | .6 | $450.00 |
| Robert W. Glantz | 3.4 | $1,870.00 |
| **TOTAL** | **6.3** | **$3,585.00** |

51.    In summary, the total compensation sought for the services rendered by each professional during the Application Period is as follows:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Allison Hudson | 22.9 | $340 | $7,786.00 |
| Bernard Thomas | 0.8 | $150 | $120.00 |
| Charmala Donohue | 34.1 | $270 | $9,207.00 |
| David R. Doyle | 109.5 | $370 | $40,515.00 |
| Ira Bodenstein | 198.5 | $550 | $109,175.00 |
| Joseph L. Cohen | 27.2 | $435 | $11,832.00 |
| Patricia M. Fredericks | 65 | $230 | $14,950.00 |
| Peter J. Roberts | 25.1 | $510 | $12,801.00 |
| Robert M. Fishman | 61.5 | $750 | $46,125.00 |
| Robert W. Glantz | 210.7 | $550 | $115,885.00 |
| Terence G. Banich | 6.6 | $490 | $3,234.00 |
| **Total** | **761.9** | | **$371,630.00** |

21

52.     The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Trustee in connection with the case.  Further, the amount of time spent by Shaw Fishman with respect to the case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

53.     Whenever possible, Shaw Fishman has conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Trustee.  In certain circumstances, however, it was necessary for more than one Shaw Fishman attorney to appear in Court at the same time. Similarly, on certain occasions, Shaw Fishman had more than one attorney attend a meeting to strategize on issues that had particular import on multiple areas of the cases.  To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis.  Given the complexity of the issues involved, however, it was necessary for more than one Shaw Fishman attorney to be involved in certain meetings and court appearances.

54.     Many of the issues presented by the case have been legally and factually complex and the amounts at stake significant.  The results of Shaw Fishman's efforts in this regard have inured to the benefit of the estate and to the interests of its prepetition creditors.  Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman

22

respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

## Expenses

55.    The aggregate amount of Expenses for which reimbursement is being sought is $5,743.25.  All of the expenses for which reimbursement is requested are expenses which Shaw Fishman customarily recoups from its clients.  An itemization of the Expenses is listed below:

| Expense | Amount |
|---|---|
| Conference Call | $5.54 |
| Federal Express | $15.00 |
| Filing Fees | $556.00 |
| Messenger | $33.00 |
| Mileage | $65.27 |
| Miscellaneous | $25.70 |
| Pacer | $672.18 |
| Late after-hours travel | $120.11 |
| Postage | $54.43 |
| Title insurance | $300.00 |
| Westlaw | $3,881.02 |
| Working Meals | $15.00 |
| **Total** | **$5,743.25** |

56.    All expenses incurred by Shaw Fishman incidental to its services were customary and necessary.    All expenses were billed in the same manner as Shaw Fishman bills non-bankruptcy clients.  Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

## Compliance with 11 U.S.C. § 504

57.    Shaw Fishman merged with Fox Rothschild LLP, effective June 11, 2018.  In connection with the merger, Shaw Fishman assigned all of its accounts receives to Fox Rothschild, including the Fees and Expenses sought by this Application.  Shaw Fishman respectfully submits that this arrangement complies with 11 U.S.C. § 504.

ACTIVE\78782016.v2-1/3/19

## Request for Shortened Notice

58.     Rule 2002(a)(2) requires professionals to provide 21 days' notice by mail of a

"proposed use . . . of property of the estate other than in the ordinary course of business, unless the

court for cause shown shortens the notice or directs another method of giving notice."  Fed. R.

Bankr. P. 2002(a)(2).  Shaw Fishman has provided 14 days' notice to the Notice Parties as required

by the Fee Procedures Order so that the Application may be heard at the January omnibus hearing.

Shaw Fishman respectfully requests that the Court approve this shortened notice for cause shown.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form

attached hereto, that:

(a)     Approves and allows Shaw Fishman $371,630.00 in compensation and $5,743.25

in expense reimbursement for the Application Period on a final basis, substantially in the form of

the proposed order filed with the Application, to be assessed against the Debtors' estates as

follows:

|   |   |   |
|---|---|---|
| a. | CGI Joliet, LLC | $121,981.18 |
| b. | Currency Express, Inc. | $0.00 |
| c. | Raceway Central Calumet Park LLC | $27,910.67 |
| d. | Raceway Central LLC North Valpo | $10,886.76 |
| e. | Raceway Central Downers Grove LLC | $28,744.95 |
| f. | Raceway Central, LLC | $66,697.01 |
| g. | Raceway Central Chicago Heights LLC | $26,637.75 |
| h. | Raceway Central Joliet North LLC | $48,098.56 |
| i. | Raceway Central Wheaton LLC | $46,416.37 |

(b)     Authorizes the Trustee to pay Shaw Fishman the Holdback Amount;

(c)     Waives other and further notice of the hearing with respect to this Application for

cause shown; and

(d)     Provides Shaw Fishman with such additional relief as may be appropriate and just

under the circumstances.

24

ACTIVE\78782016.v2-1/3/19

Respectfully submitted,

SHAW FISHMAN GLANTZ & TOWBIN LLC

Dated: January 3, 2019

By:   */s/ Ira Bodenstein*
     One of its attorneys

Robert M. Fishman (IL ARDC 3124316)
Ira Bodenstein (IL ARDC 3126857
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
Phone: (312) 541-0151
Fax: (312) 980-3888
rfishman@shawfishman.com
ibodenstein@shawfishman.com
ddoyle@shawfishman.com

25